VICE CHANCELLOR

**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: June 15, 2021
Date Decided: July 1, 2021

Steven L. Caponi, Esq.
Matthew B. Goeller, Esq.
K&L Gates LLP
600 N. King Street, Suite 901
Wilmington, DE 19801

Rudolf Koch, Esq.
John M. O'Toole, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

RE:  *Valhalla Partners II, L.P. et al. v. Vistar Media, Inc.*,
     C.A. No. 2019-0202-SG

Dear Counsel:

By bench ruling of June 1, 2021 I resolved several discovery issues, including

Plaintiff's motion to compel discovery from Defendant Vistar Media, Inc. ("Vistar")

of eight email communications (the "Accountant Emails") shared by Jeremy Ozen

("Ozen Jr.") with his father, Michael Ozen ("Ozen Sr.").[1]  Ozen, Jr. is the president

of Vistar.[2]  Ozen, Sr. is an accountant.[3]  I found it probable under the facts of record

that this communication was made between son and father not to facilitate legal

---

[1] Tr. Of 6.1.21 Oral Arg. And Rulings of the Court on Pls.' Mot. To Compel Supp. Production, at 29:2–29:16, Dkt. No. 152 [hereinafter "MTC Tr."]
[2] Vistar Media, Inc.'s Answer to First Am. Compl. And Verified Countercl. ¶ 36, Dkt. No 50 (hereinafter "Answer").
[3] MTC Tr., at 5:6–5:7; Def.-Countercl. Pl. Vistar Media, Inc.'s Mot. For Partial Reargument ¶ 12, Dkt. No. 147.

representation of the Defendant, but instead for reasons personal to the Ozens;[4] the documents, accordingly, were not privileged.[5]

The Defendant has moved for reargument.[6]  A motion for reargument will be granted only where the movant shows that the Court has overlooked controlling contrary law or misapprehended the facts in a way that affected the outcome of the decision.[7]  I have said before that reargument is a tool that often serves best left in its sheath;[8]  nonetheless, like many such specialized tools, when needed it is irreplaceable, not only to protect the parties and the interests of justice, but to allow a judge to correct her own improvident decision efficiently.

I have carefully reviewed the motion—which alleges that I overlooked salient facts relevant to the issue of privilege attaching to the Accountant Emails—together with the record here.  Upon reflection, I do not believe I "misapprehended the facts . . . such that the outcome of the decision would be different."[9]

Accordingly, the Defendant's Motion for Reargument is DENIED.

IT IS SO ORDERED.

---

[4] MTC Tr., at 29:5–29:15.
[5] MTC Tr., at 29:15–29:16.
[6] Def.-Countercl. Pl. Vistar Media, Inc.'s Mot. For Partial Reargument, Dkt. No. 147.
[7] *See In re Zale Corp. S'holders Litig.,* 2015 WL 6551418, at *1 (Del. Ch. Oct 29, 2015).
[8] *Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 2019 WL 3814453, at *1 (Del. Ch. Aug. 14, 2019).
[9] *In re Zale*, 2015 WL 6551418, at *1.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III


cc:    All counsel of record (by *File & ServeXpress*)